BANK *v.* O'BRIEN.

(*Knoxville.* November 1, 1894.)

DEED. *Wife not competent subscribing witness to husband's deed.*

The wife is not a competent subscribing witness to her husband's deed.

Code construed: §§ 2038, 2858, 3813*e*, 3813*f* (T. & S.); §§ 2850, 2873, 4563 (M. & V.).

Acts construed: Acts 1869–70, Ch. 19; Acts 1879, Ch. 200.

Case cited and approved: Beadles *v.* Alexander, 9 Bax., 607.

---

FROM HAMILTON.

---

Appeal from Chancery Court of Hamilton County. T. M. McCONNELL, Ch.

WHITE, MARTIN & BOGLE for Bank.

WHEELER & McDERMOTT for O'Brien.

CALDWELL, J. M. J. O'Brien owned certain real estate in the city of Chattanooga, which he and his wife, Mrs. Natalie O'Brien, jointly conveyed in trust for the benefit of certain of his creditors named in the trust deed. As to M. J. O'Brien, the conveyance was attested by his wife and their daughter, Miss Julia O'Brien, as subscribing witnesses. In

due time, Mrs. O'Brien appeared before the Clerk of the County Court, acknowledged the execution of the instrument by herself, and was privily examined, as required by law, and she and the daughter appeared before the same official, as subscribing witnesses, and proved the execution by the husband and father. Thus proved and certified, the conveyance was filed and registered.

Thereafter, the complainant in this cause, another creditor of M. J. O'Brien, filed this bill, impeaching the said conveyance, for the alleged reason that Mrs. O'Brien was not a competent subscribing witness, and seeking to subject the property therein described to the satisfaction of complainant's debt.

The Chancellor granted the relief sought, and the defendants appealed from his decree.

Was Mrs. O'Brien a competent witness to attest the execution of the deed by her husband?

The provision of law to be considered is in these words: "To authenticate an instrument for registration, its execution shall be acknowledged by the maker or proved by two subscribing witnesses at least." Code (1858), § 2038; (M. & V.), § 2850.

Clearly, the persons contemplated as subscribing witnesses are only those who would be competent to testify in a Court of Justice about the matter involved.

Originally the statute required that, in case of probate, the subscribing witnesses should be sworn and examined in open Court, by the Chief Justice

or presiding Judge, touching the execution and acknowledgment of the deed. Acts of 1715, Ch. 38, Sec. 5 (Scott's Laws of Tennessee, Vol. I., p. 26), and Acts of 1807, Ch. 85, Sec. 3 (*Ib.*, p. 1068).

Later statutes authorized Clerks of the County Court, or their duly appointed deputies, to swear and examine the witnesses. Acts of 1831, Ch. 90, Secs. 1 and 2; Acts of 1835, Ch. 53, Secs. 5 and 6 (Statutes of Tennessee, by Car. & Nich., pp. 591–8), and Acts of 1838, Ch. 150, Sec. 1 (Nicholson's Supplement, 236). Such is now the law. Code, § 2839; (M. & V.); § 2851, and subscribing witnesses must still be sworn and examined as if in open Court. Code, § 2058; (M. & V.), § 2873.

At the time of the adoption of the Code, in 1858, a married woman, by reason of coverture, was confessedly incompetent to testify in a Court of Justice, with respect to any deed or conveyance made by or to her husband, and, as a consequence, she was not competent as a subscribing witness to such instrument made by or to him.

A standard author says: "The object of requiring subscribing witnesses is to enable the other party to inquire into the circumstances attending the sealing and delivery. For this reason, they should be persons competent to testify to the facts in an action between the parties, or to testify generally. Hence, a wife, whether of grantor or grantee, is incompetent." 1 Devlin on Deeds, Sec. 259.

It is contended for defendants that legislation since

the Code of 1858 has changed the rule then existing as to the competency of subscribing witnesses.

By the Acts of 1869–70, Ch. 19, Sec. 2, and Ch. 78, Sec. 1 (Code, T. & S., §§ 3813*c* and 3813*f*), the rule as to the incompetency of witnesses by reason of interest and coverture, was modified; and by Chapter 200, of the Acts of 1879, it was still further changed. The rule established by the latter statute is now in force, and the first section thereof, as compiled by Messrs. Milliken & Vertrees, is as follows: "In all civil actions in the Courts of this State, no person shall be incompetent to testify because he or she is a party to or interested in the issue tried, or because of the disabilities of coverture; but neither husband nor wife shall testify as to any matter that occurred between them by virtue of or in consequence of the marital relation." Code (M. & V.), § 4563.

This statute is self-limiting upon its face. By its own terms, as well as by the titles of the original Acts, it relates alone to evidence in "civil actions in the Courts," and has no reference to subscribing witnesses to either deeds or wills. The probate of deeds or wills is not in the purview of the law; it was clearly not in the legislative mind. That it does not embrace subscribing witnesses to wills, this Court assumed as not debatable, or impliedly held in the case of *Beadles* v. *Alexander*, 9 Bax., 607.

In his recent and excellent treatise, Mr. Pritchard,

referring to the said Act of 1879, makes the following statement: "The recent legislation making parties to suits and persons interested in the issue tried competent witnesses, does not make legatees and other persons who were incompetent before, competent as subscribing witnesses; but it does make them competent to be examined as other witnesses, on an issue *devisavit vel non*, to prove extrinsic facts and acts and declarations of the deceased; the fact of their being interested going to their credit, and not to their competency." Pritchard on Wills and Administration, Sec. 210, p. 236.

Manifestly, subscribing witnesses, as such, whether to wills or deeds, were not contemplated in that Act; and the law, as theretofore existing with respect to them, remains unchanged.

Affirm the decree.